UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOPAZ SMITH,

                 Plaintiff,

- against -

WORLD ECONOMIC FORUM LLC, WORLD ECONOMIC FORUM and KLAUS SCHWAB,

                 Defendants.

Case No.: 1:24-cv-05150

**ANSWER OF DEFENDANT WORLD ECONOMIC FORUM**

Defendant World Economic Forum ("Defendant" or the "Forum"), by its attorneys, Lewis Brisbois Bisgaard & Smith LLP, as and for its Answer to the Complaint herein, states as follows:

### PRELIMINARY STATEMENT[1]

1. Denies the allegations contained in paragraph 1, except admits that the Forum is well-known for its Annual Meeting in Davos, Switzerland.

2. Denies the allegations contained in paragraph 2, except admits that the Forum issues publications, including the Global Gender Gap Report.

3. Denies the allegations contained in paragraph 3.

4. Denies the allegations contained in paragraph 4.[2]

5. Denies the allegations contained in paragraph 5.

---

[1] For ease of reference, Defendant's Answer duplicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles can be construed to contain factual allegations, those allegations are denied.

[2] Defendant denies all allegations that Plaintiff improperly copied and pasted from an inaccurate and unsubstantiated article published by The Wall Street Journal. *See* "Behind Davos, Claims of a Toxic Workplace", The Wall Street Journal, June 29, 2024, https*://www.wsj.com/business/world-economic-forum-klaus-schwab-discrimination-harassment-de285594*. The Forum issued a Statement in response to the above-referenced article denying all of the allegations. *See* "World Economic Forum Statement Regarding Inaccurate Wall Street Journal Article", June 30, 2024, https://www.weforum.org/forum-statements/statement-june-2024/.

1

6. Denies the allegations contained in paragraph 6, except denies having knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff's race.

7. Denies the allegations contained in paragraph 7, except admits that Plaintiff purports to proceed as set forth therein.

## JURISDICTION AND VENUE

8. Denies the allegations in paragraph 8 and refers all questions of law to the Court.

9. Denies the allegations in paragraph 9 and refers all questions of law to the Court.

10. Denies the allegations in paragraph 10 and refers all questions of law to the Court.

## ADMINISTRATIVE PREREQUISITES

11. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11, except admits that Plaintiff purports to proceed as set forth therein.

12. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12, except admits that Plaintiff purports to proceed as set forth therein.

## PARTIES

13. Denies the allegations in paragraph 13, refers all questions of law to the Court, and admits that Plaintiff was an employee of Defendant Forum LLC, which has an office located in New York City.

14. Denies the allegations in paragraph 14, except admits that the Forum is headquartered in Switzerland.

15. Admits that the World Economic Forum LLC is a Delaware limited liability company with an office located in New York City.

16. Denies the allegations contained in paragraph 16, refers all questions of law to the Court, and admits that Plaintiff worked in an office operated by the World Economic Forum LLC.

17. Denies the allegation contained in paragraph 17, except admits that Defendant Klaus Schwab is domiciled in Switzerland and is the founder of the Forum.

## **FACTS**

18. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18.

19. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19.

20. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20.

21. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21.

22. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22.

23. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23.

24. Denies the allegations contained in paragraph 24, except admits that on July 18, 2022, Plaintiff was hired as a Community Lead, Aviation, Travel & Tourism.

25. Denies the allegations contained in paragraph 25.

26. Denies the allegations contained in paragraph 26.

27. Denies the allegations contained in paragraph 27.

28. Denies the allegations contained in paragraph 28.

29. Denies the allegations contained in paragraph 29.

30. Denies the allegations contained in paragraph 30.

31. Denies the allegations contained in paragraph 31.

32. Denies the allegations contained in paragraph 32, except admits that there was a restructuring in early 2023, and after that restructuring, Plaintiff began reporting to Andreas Hardeman, who became the Manager of Aviation and Aerospace, and Travel and Tourism at the time.

33. Denies the allegations contained in paragraph 33.

34. Denies the allegations contained in paragraph 34.

35. Denies the allegations contained in paragraph 35.

36. Denies the allegations contained in paragraph 36.

37. Denies the allegations contained in paragraph 37.

38. Denies the allegations contained in paragraph 38.

39. Denies the allegations contained in paragraph 39.

40. Denies the allegations contained in paragraph 40.

41. Denies the allegations contained in paragraph 41.

42. Denies the allegations contained in paragraph 42.

43. Denies the allegations contained in paragraph 43.

44. Denies the allegations contained in paragraph 44.

45.  Denies the allegations contained in paragraph 45.

46. Denies the allegations contained in paragraph 46.

47. Denies the allegations contained in paragraph 47.

48. Denies the allegations contained in paragraph 48.

49. Denies the allegations contained in paragraph 49.

50. Denies the allegation contained in paragraph 50.

51. Denies the allegations contained in paragraph 51.

52. Denies the allegations contained in paragraph 52.

53. Denies the allegations contained in paragraph 53.

54. Denies the allegations contained in paragraph 54.

55. Denies the allegations contained in paragraph 55.

56. Denies the allegation contained in paragraph 56.

57. Denies the allegation contained in paragraph 57.

58. Denies the allegations contained in paragraph 58, except denies having knowledge or information sufficient to form a belief as to the allegations regarding when Plaintiff became pregnant.

59. Denies the allegations contained in paragraph 59.

60. Denies the allegations contained in paragraph 60.

61.  Denies the allegations contained in paragraph 61.

62. Denies the allegations contained in paragraph 62.

63. Denies the allegations contained in paragraph 63.

64. Denies the allegations contained in paragraph 64.

65. Denies the allegations contained in paragraph 65.

66. Denies the allegations contained in paragraph 66.

67. Denies the allegations contained in paragraph 67.

68. Denies the allegations contained in paragraph 68, refers all questions of law to the Court, and admits that Plaintiff went on leave.

69. Denies the allegations contained in paragraph 69.

70. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 70.

71. Denies the allegations contained in paragraph 71, refers all questions of law to the Court, and admits that the Forum LLC granted Plaintiff's request for an extension of her leave.

72. Denies the allegations contained in paragraph 72 and refers all questions of law to the Court.

73. Denies the allegations contained in paragraph 73.

74. Denies the allegations contained in paragraph 74.

75. Denies the allegations contained in paragraph 75.

76. Denies the allegations contained in paragraph 76 and refers to the referenced email for the contents thereof.

77. Denies the allegations contained in paragraph 77.

78. Denies the allegations contained in paragraph 78 and refers to the referenced email for the contents thereof.

79. Denies the allegations contained in paragraph 79.

80. Denies the allegations contained in paragraph 80.

81. Denies the allegations contained in paragraph 81.

82. Denies the allegations contained in paragraph 82.

83. Denies the allegations contained in paragraph 83.

84. Denies the allegations contained in paragraph 84.

85. Denies the allegations contained in paragraph 85.

86. Denies the allegations contained in paragraph 86.

87. Denies the allegations contained in paragraph 87 and refers to the referenced email for the contents thereof.

88. Denies the allegations contained in paragraph 88.

89. Denies the allegations contained in paragraph 89.

90. Denies the allegations contained in paragraph 90.

91. Denies the allegations contained in paragraph 91.

92. Denies the allegations contained in paragraph 92.

93. Denies the allegations contained in paragraph 93, except admits that Laragh Marchand has expertise in Advanced Manufacturing.

94. Denies the allegations contained in paragraph 94.

95. Denies the allegations contained in paragraph 95.

96. Denies the allegations contained in paragraph 96, except denies having knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff's purported meeting.

97. Denies the allegations in paragraph 97.

98. Denies the allegations in paragraph 98.

99. Denies the allegations in paragraph 99.

100. Denies the allegations in paragraph 100.

101. Denies the allegations in paragraph 101.

102. Denies the allegations in paragraph 102.

103. Denies the allegations in paragraph 103 and refers to the referenced bylaws for the contents thereof.

104. Denies the allegations contained in paragraph 104.

105. Denies the allegations in paragraph 105.

**FIRST CAUSE OF ACTION**
**(Race Discrimination in Violation of 42 USC Section 1981)**

106. Repeats and incorporates by reference each and every statement contained in the preceding paragraphs, as if fully set forth herein.

107. Denies the allegations contained in paragraph 107.

108. Denies the allegations contained in paragraph 108.

109. Denies the allegations contained in paragraph 109.

## SECOND CAUSE OF ACTION
### (Violation of the Family and Medical Leave Act)

110. Repeats and incorporates by reference each and every statement contained in the preceding paragraphs, as if fully set forth herein.

111. Denies the allegations set forth in paragraph 111.

112. Denies the allegations contained in paragraph 112.

113. Denies the allegations contained in paragraph 113.

## THIRD CAUSE OF ACTION
### (Race, Gender, Pregnancy, Familial Status and Disability Discrimination in Violation of the NYSHRL)

114. Repeats and incorporates by reference each and every statement contained in the preceding paragraphs, as if fully set forth herein.

115. Denies the allegations contained in paragraph 115.

116. Denies the allegations contained in paragraph 116.

117. Denies the allegations contained in paragraph 117.

## FOURTH CAUSE OF ACTION
### (Retaliation Under the NYSHRL)

118. Repeats and incorporates by reference each and every statement contained in the preceding paragraphs, as if fully set forth herein.

119. Denies the allegations contained in paragraph 119.

120. Denies the allegations contained in paragraph 120.

121. Denies the allegations contained in paragraph 121.

122. Denies the allegations contained in paragraph 122.

## FIFTH CAUSE OF ACTION
### (Race, Gender, Pregnancy, Caregiver Status and Disability and Discrimination in Violation of the NYCHRL)

123. Repeats and incorporates by reference each and every statement contained in the preceding paragraphs, as if fully set forth herein.

124. Denies the allegations contained in paragraph 124.

125. Denies the allegations contained in paragraph 125.

126. Denies the allegations contained in paragraph 126.

## SIXTH CAUSE OF ACTION
### (Retaliation Under the NYCHRL)

127. Repeats and incorporates by reference each and every statement contained in the preceding paragraphs, as if fully set forth herein.

128. Denies the allegations contained in paragraph 128.

129. Denies the allegations contained in paragraph 129.

130. Denies the allegations contained in paragraph 130.

131. Denies the allegations contained in paragraph 131.

## JURY DEMAND

Admits that Plaintiff demands a trial by jury, but denies that Plaintiff is entitled to a trial by jury on all of her claims.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims stated are barred or limited, in whole or in part, by the applicable statute of

limitations and/or governing administrative time limitations.

### THIRD AFFIRMATIVE DEFENSE

The claims stated are barred or limited, in whole or in part, by the doctrines of unclean hands, laches, accord, satisfaction, discharge, release, estoppel and/or waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages attributable to actionable conduct by Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff lacks any statutory or other basis to recover compensatory damages or any other damages, injunctive relief, attorneys' fees and/or costs of suit in this action.

### SIXTH AFFIRMATIVE DEFENSE

The claims stated are barred or limited, in whole or in part, by Plaintiff's failure to mitigate alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

The requests for damages stated in the Complaint are barred or limited, in whole or in part, by Defendant's good faith efforts to comply with all applicable laws, rules and regulations.

### EIGHTH AFFIRMATIVE DEFENSE

No actions or omissions of Defendant were the proximate cause of any alleged injury, loss, or damage to Plaintiff and, thus, the Complaint and all claims stated therein should be dismissed because there is no causal connection between the asserted claims and any damages Plaintiff has allegedly suffered.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, were caused, in whole or in part, by her own acts or

omissions, and as a result, her claims are barred or limited by the doctrines of comparative or contributory negligence and/or the doctrine of avoidable consequences.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of *in pari delicto*.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are or may be barred, in whole or in part, due to the exercise of reasonable care to prevent and promptly correct any instances of alleged discrimination, harassment, and/or retaliation.

**TWELFTH AFFIRMATIVE DEFENSE**

Awarding punitive damages against Defendant would violate the United States and New York Constitutions.

**THIRTEENTH AFFIRMATIVE DEFENSE**

At all times relevant to this action, Defendant had policies and procedures in effect for the prevention and correction of illegal workplace discrimination, harassment, and retaliation, and Defendant exercised reasonable care to prevent and correct promptly any such harassing behavior, while Plaintiff unreasonably failed to report alleged harassment, discrimination, retaliation and/or unreasonably failed to take advantage of Defendant's procedures for preventing and/or correcting discrimination, harassment, and retaliation.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent she failed to exhaust administrative remedies with respect to some or all of her claims and allegations and to obtain administrative authorization to file such claims in this Court.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of ratification, confirmation, and acquiescence.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant acted reasonably and in the proper and lawful exercise of discretion and business judgment and without intent to violate Plaintiff's rights, and Defendant's actions were not discriminatory harassing, retaliatory, or otherwise actionable.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not satisfied all of the conditions precedent and procedural prerequisites to maintaining this action.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot use evidence of a pattern or practice of discrimination, harassment, or retaliation in the instant non-class private plaintiff matter.

### NINETEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff alleges any impermissible motivation in Defendant's treatment of her, Defendant would have taken the same action in the absence of such impermissible motivating factor.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages because Defendant did not engage in any discriminatory, harassing, retaliatory, or otherwise wrongful conduct with malice, recklessness, willful or wanton negligence, indifference to Plaintiff's rights, or conscious disregard of the rights of others, or conduct so reckless as to amount to such disregard.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant did not encourage, condone, approve or participate in any allegedly discriminatory, harassing or retaliatory conduct.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant's acts were undertaken in good faith without reckless disregard for Plaintiff's statutory rights, in compliance with and reliance on applicable laws, rules, regulations, rulings, approvals, interpretations, and orders, with reasonable grounds for believing that its actions were in compliance with the law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages are barred in whole or in part by after-acquired evidence of misconduct.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

All actions taken against Plaintiff were based on legitimate non-discriminatory or nonretaliatory reasons unrelated to any protected characteristic or protected activity of Plaintiff.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to equitable relief to the extent there is an adequate remedy at law.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff was compensated beyond her actual entitlement, such additional compensation would satisfy in whole or part of the claims herein.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not covered by the statutes and regulations pursuant to which her claims are brought.

### **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages are *de minimis*.

### **TWENTY-NINTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which either pre-judgment or post-judgment interest, liquidated damages, or attorneys' fees may be awarded.

### **THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiff cannot show that her employment ended under circumstances giving rise to an inference of discrimination, retaliation, harassment, or unlawful conduct.

### **THIRTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent that she has no standing or no private right of action exists to enforce one or more statutes and/or regulations cited by Plaintiff.

### **THIRTY-SECOND AFFIRMATIVE DEFENSE**

The Court does not have personal jurisdiction over the Defendant.

### **THIRTY-THIRD AFFIRMATIVE DEFENSE**

Defendant cannot be held liable for any of Plaintiff's claims alleged herein, as Defendant cannot be found to employ, or to have employed, Plaintiff upon a single employer and/or joint employer theory of liability as a matter of law.

### **RESERVATION OF RIGHTS**

Defendant World Economic Forum reserves the right to amend this Answer and to assert such additional affirmative and/or separate defenses as are made known during discovery.

**WHEREFORE**, Defendant World Economic Forum respectfully requests that the Court:

1. Dismiss the Complaint in its entirety with prejudice;

2.  Award Defendant World Economic Forum costs and expenses incurred in connection with defending this action, including reasonable attorneys' fees; and

3.  Grant such other and further relief as is just and proper.

Dated: New York, New York
October 8, 2024

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ *Elior Shiloh, Esq.*
Elior Shiloh, Esq.
Joan B. Lopez, Esq.
*Attorneys for Defendant World Economic Forum*
77 Water Street, Suite 2100
New York, New York 10005
(212) 232-1300
Elior.Shiloh@lewisbrisbois.com
Joan.Lopez@lewisbrisbois.com

## **CERTIFICATE OF SERVICE**

      Joan B. Lopez, an attorney duly admitted to practice before this Court, certifies that on October 8, 2024, she caused Defendant World Economic Forum's Answer to be filed and served upon the attorneys of record for plaintiff via ECF.

                                                     /s/ Joan B. Lopez
                                                       Joan B. Lopez